UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE CLORA,

                    Plaintiff,                      Case No. 23-cv-11682

v.                                          Paul D. Borman
                                          United States District Judge

HYDROCHEM INDUSTRIAL
SERVICES, INC., HYDROCHEM
INDUSTRIAL CLEANING, LLC, HPC
INDUSTRIAL GROUP, LLC, and
CLEAN HARBORS
ENVIRONMENTAL SERVICES, INC.

                    Defendants.

_____/

## OPINION AND ORDER:
## (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF NO. 16); AND
## (2) TERMINATING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT (ECF NO. 7) WITHOUT PREJUDICE AS MOOT

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Original Complaint (ECF No. 7), and Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 16).

## I.      BACKGROUND

On May 3, 2023, Plaintiff Eddie Clora filed this action against Defendants Hydrochem Industrial Services, Inc., Hydrochem Industrial Cleaning, LLC, HPC Industrial Group, LLC, and Clean Harbors Environmental Services, Inc. (collectively "Defendants"), in the Wayne County Circuit Court, alleging a single claim for violation

of Michigan's Whistleblower Protection Act, Mich. Comp. Laws 15.361, *et seq*., based on Plaintiff's employment with Defendants. (ECF No. 1-2, Pl.'s Compl., PageID.10-14.)

On July 13, 2023, Defendants removed this action to this Court based on federal question jurisdiction (based on Plaintiff's claim for reinstatement, which requires interpretation of the applicable collective bargaining agreement and complete preemption under § 301 of the Labor Management Relations Act), and also based on diversity jurisdiction. (ECF No. 1, Notice of Removal.)

On July 20, 2023, Defendants filed a Motion to Dismiss Plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 7, Defs.' Mot.) Plaintiff's Response to Defendants' Motion to Dismiss was due August 10, 2023. No response was filed.

Accordingly, on August 28, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2. (ECF No. 11.) Plaintiff responded on September 2, 2023, advising that Plaintiff's counsel's contact information in the Court's ECF system was outdated and incorrect, but that this information has since been corrected. (ECF No. 13.)

The Court found that Plaintiff's response satisfied the Court's show cause order and ordered Plaintiff to file a response to Defendants' Motion to Dismiss (ECF No. 7) by September 21, 2023. (ECF No. 15.)

On September 21, 2023, Plaintiff filed the instant Motion for Leave to File First Amended Complaint, seeking to amend the complaint "to comport with the facts underlying Plaintiff's claims." (ECF No. 16, Pl.'s Mot.) Plaintiff attached as an exhibit to the motion Plaintiff's Proposed First Amended Complaint. (ECF No. 16.1, Proposed First Amended Complaint.) The proposed First Amended Complaint asserts a single claim for violation of the Michigan Workers' Compensation Act, Mich. Comp. Laws § 418.101, *et seq.*, based on Plaintiff's employment with Defendants. (*Id.*) The First Amended Complaint does not assert a claim under Michigan's Whistleblower's Protection Act.

That same day, Plaintiff also filed a Response in opposition to Defendants' Motion to Dismiss Plaintiff's Original Complaint, arguing that the amendment of Plaintiff's Complaint would moot Defendants' motion to dismiss. (ECF No. 17.)

## II.    DISCUSSION

### A. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16)

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir.

2001).

Further, E.D. Mich. LR 15.1 provides, in pertinent part, as follows:

A party who moves to amend a pleading shall attach the proposed amended
pleading to the motion. Any amendment to a pleading, whether filed as a
matter of course or upon a motion to amend, must, except by leave of court,
reproduce the entire pleading as amended, and may not incorporate any
prior pleading by reference.

On September 21, 2023, Plaintiff moved to amend his complaint in response to

Defendants' motion to dismiss. (ECF No. 16, Pl.'s Mot.) Plaintiff attached as an exhibit

his proposed First Amended Complaint. (ECF No. 16-1.) In his motion to amend,

Plaintiff contends that "[t]he Proposed First Amended Complaint seeks to modify the

original complaint to comport with the facts underlying Plaintiff's claims." (ECF No.

16, Pl.'s Mot., PageID.212-13.) He asserts that the request to amend is not made in bad

faith or for a dilatory purpose and will not cause undue delay or prejudice, as this matter

has been pending in this Court for just over two months and a scheduling order has not

been entered at this time. (*Id.* PageID.215.) Plaintiff further contends that amendment to

assert a claim for violation of the Michigan Workers' Disability Compensation Act

would not be futile as Plaintiff has alleged in the proposed First Amended Complaint

that he was injured on the job, he filed a workers' compensation claim (which was

wrongfully denied), and then Defendants terminated his employment because of

Plaintiff having sought his legal rights after an employment injury. (*Id.*)

Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The Court finds that Plaintiff's motion was not brought in bad faith or for dilatory purposes. This case is in its infancy, there is currently no scheduling order in place, discovery has not begun, and there is no apparent undue prejudice to Defendants. Considering the liberal amendment policy under the Federal Rules of Civil Procedure, and in the Court's exercise of its discretion, Plaintiff will be given leave to amend his complaint, and file his proposed First Amended Complaint.

Accordingly, Plaintiff's motion for leave to amend his complaint is **GRANTED** and Plaintiff may file the First Amended complaint on or before **September 29, 2023**.

**B. Defendants' Motion to Dismiss Plaintiff's Original Complaint (ECF No. 7)**

"[A]n amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). "It follows that 'motions directed at the superseded pleading,'" such as Defendants' motion here, "generally are to be denied as moot." *Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (quoting *Heard v. Strange*, No. 2:17-cv-13904, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018)) (collecting cases) *report and recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018); *see also Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) ("An amended pleading

5

supersedes a former pleading if the amended pleading is complete in itself and does not refer to or adopt a former pleading.") (internal quotation marks omitted).

As discussed above, the Court will permit Plaintiff to file the proposed First Amended Complaint attached as an exhibit to Plaintiff's motion for leave to amend. The First Amended Complaint is complete in itself and makes no reference to the initial complaint. Without expressing any views as to whether the proposed amended complaint cures the purported deficiencies claimed in Defendants' motion to dismiss, the Court TERMINATES WITHOUT PREJUDICE Defendants' Motion to Dismiss in light of the filing of the First Amended Complaint.

### III.    CONCLUSION

For the reasons set forth above:

Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 16) is **GRANTED**, and Plaintiff may file his First Amended Complaint on or before **October 2, 2023**; and

Defendants' Motion to Dismiss Plaintiff's Original Complaint (ECF No. 7), is **TERMINATED AS MOOT WITHOUT PREJUDICE.**

IT IS SO ORDERED.

Dated:  <u>September 25, 2023</u>            <u>s/Paul D. Borman</u>
                                            Paul D. Borman
                                            United States District Judge